## BOGEN v CLEMMER et

Ohio Appeals, 2nd Dist, Franklin Co

No 2071.  Decided Oct 22, 1931

Knepper, White, Smith & Dempsey, Columbus, for plaintiff.

Gilbert Bettman, Attorney General, L. F. Laylin, Columbus, and Isadore Topper, Toledo, special counsel for defendants.

ALLREAD, J.

The question, therefore is as to the power of the Legislature to delegate the fixing of equivalents to the Board of Building Standards. We have carefully considered this question. There are a number of cases decided by our Supreme Court, wherein certain features of a general law such as those delegated to the Board of Building Standards appointed to administer the act and the authority of such delegation has been upheld. In the case of **Green v The State Civil Service Commission, 90 Oh St, 252,** it is provided that:

"The provisions of the civil service law (103 O. L. 698), authorizing the civil service commission to prescribe, amend, and enforce rules with reference to the civil service of the state and the several counties and cities, do not constitute a delegation of power to enact laws, nor are the provisions of that statute, which authorizes the commission under certain defined circumstances to omit the competitive examinations, repugnant to §18, **Article I of the Constitution** which prohibits the exercise of the power of suspending laws except by the General Assembly."

There were other questions in that case but the result of the case was that the delegation of power therein to the civil service board was upheld.

In the still more recent case of **Miami County v Dayton, 92 Oh St, 215,** the conservancy act was under consideration. This act delegated to the conservancy board certain powers and the validity of this delegation was before the Supreme Court in that case. The court held:

"Where a power is quasi-legislative, quasi-administrative or quasi-judicial, or so mixed in its nature as may be regarded as a combination of all of them, the Legislature may in the first instance characterize such power and confer it either upon an existing agency of the government or an agency especially created for that purpose. There is no delegation of legislative power in the conservancy act violative of any constitutional provision."

The conservancy act with its delegation of powers was therefore sustained.

Counsel for the plaintiff insist that the decision of the Supreme Court in the case of State ex v Industrial Commission, supra, is decisive of the case here presented. We think not. We think the Legislature has subsequent to said decision so amended the act as to bring this case within the power of the local board. The act itself provides for certain building restrictions and provides in the building code especially as to school buildings and that a certain system of ventilation shall be adopted. This provision, however, is subject to the power of the board to adopt an of State ex v Industrial Commission, supra, equivalent. The board has adopted an equivalent and we think the statute delegating to the local board the power to provide for this equivalent is constitutional. Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.